GEORGE S. HUME v. J. H. MADDOX, ET AL.

Certificate to Mortgage.
    A certificate to a mortgage is not invalid when it is made as if by the clerk in person but signed "J. T. Bynum, D. C., for John A. Wil-son, C. F. C."

### APPEAL FROM FULTON CIRCUIT COURT.

January 15, 1879.

OPINION BY JUDGE HINES:

Appellant complains that the court below erred in its judgment directing the commissioner to set aside a homestead to the appellees. As there is no brief for appellees and nothing in the judgment to aid us, we must resort to the record and to the brief of counsel for appellant to ascertain the grounds upon which the court below based its action.

It is suggested that the certificate to the mortgage of Maddox and wife is insufficient, and that the court below so held, because it is not signed by the clerk. The certificate is made in the usual form, as if by the clerk in person, but signed: "J. T. Bynum, D. C. for John A. Wilson, C. F. C." Does this affect the validity of the certificate so it is not as much the act of the clerk as if it had been signed "John A. Wilson, C. F. C. by J. T. Bynum, D. C.,"? In either case it purports to be the certificate of the clerk, written and signed for him by his deputy. Whatever the clerk can do the deputy may do for him and in his name. It is manifest that the intention was to make the certificate the act of the clerk by his deputy, and it would be trifling with the well established canons of construction to hold that the manner of signing should control the otherwise clear intention, a killing of the spirit with the letter and the dry technicalities of the law.

Wherefore, so much of the judgment as grants the appellees a homestead in the mortgaged property is *reversed,* and cause remanded with directions for further proceedings consistent with this opinion.

*A. Duvall, H. A. Tyler, for appellant.*